UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL SHOPMEN PENSION FUND**, *et. al.* <br><br> Plaintiffs, <br><br> v. <br><br> **S. RABINOWITZ IRON WORKS, INC.** <br><br> Defendant. | Civil Action No. 1:05-cv-01478 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

Plaintiffs, National Shopmen Pension Fund and its Trustees, submit this Memorandum in Support of their Motion for Entry of Default Judgment.

### I.  FACTS

1.  The Fund is a multiemployer joint labor-management defined benefit pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. 186(c)). It is subject to the Employee Retirement Income Security Act of 1974 29 U.S.C.§1000 *et seq*.  The Pension Fund maintains its offices and is administered in the District of Columbia.  Its purpose is to provide retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with local unions affiliated with the Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

2. Defendant S. Rabinowitz Iron Works, Inc. is a corporation incorporated in the New Jersey. Rabinowitz's mailing address of 20 Industrial Drive, Laurence Harbor, New Jersey 08879. The business of the Defendant affects commerce within the meaning of Section 301 of the Labor Management Relations Act (29 U.S.C. § 185).

3. At all times material to this action, Defendant and Shopmen's Local Union No. 502 were parties to, and bound by, a Collective Bargaining Agreement covering Defendant' bargaining unit employees represented by National Shopmen Local 502. The Agreement requires that Defendant contribute to the Fund on behalf of their covered employees at the rate of $1.50 per hour, effective November 1, 2003, and for the duration of the Agreement, including any renewals or extensions thereof.

4. Defendant agreed to be bound by the Agreement and Declaration of Trust under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. The Trust Agreement and the Policy for Collection of Delinquent Contributions adopted by the Trustees pursuant to their authority under the Trust Agreement provides that a delinquent employer against whom a suit is filed is liable for: interest on delinquent contributions at the rate prescribed under 6621 of the Internal Revenue Code of 1954 , currently seven percent per annum, and liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency. Article IX, Section 3 of the Trust Agreement provides that "A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendant was expressly notified of this

policy when it became a party to the Fund.

5. The Fund's Trust Agreement and Collection Policy also requires that a participating employer such as Defendant submit to a payroll audit upon request by the Fund so that the Fund can verify the amount of contributions owed to it.

6. For the months of November 2003 through present, Defendant employed employees covered by the Collective Bargaining Agreement between it and Local 502 but have failed and refused to submit complete remittance reports or make the total required monthly contributions to the Fund for such employees. Because Defendant failed to submit to the Fund the monthly remittance reports or provide Counsel with other detailed information as to the monthly contribution amounts owed for November 2003 through present, the Fund do not know the contribution amounts for the aforementioned period.

7. Defendant is liable for interest, calculated at the rate of seven percent per annum from the date each contribution was due until the date paid, on various delinquent monthly contributions due from Defendant to the Fund during the delinquent period accrued through present.

8. Defendant is also liable for liquidated damages equal to the greater of 20 percent of the delinquent contributions or interest as set out above.

9. Defendant are further liable for attorneys' fees and costs incurred by the Fund for the period April 1, 2005 through October 12, 2005 in the amount $4,149.72. (See Affidavit of Marc H. Rifkind, Esq.)

10. Defendant were served with the Summons and Complaint on August 4, 2005. As of the date of this filing, Defendant have neither filed a responsive pleading nor entered an appearance in this action. Pursuant to Plaintiffs' Motion for Entry of Order of Default, an Entry of Default was entered by the Clerk of Court on October 7, 2005.

## II. THE FUND IS ENTITLED TO ENTRY OF DEFAULT JUDGMENT

11. ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of:

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986.

    ERISA Section 515, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

## CONCLUSION

On the basis of the foregoing, and the Entry of Default against Defendant, Plaintiffs request that the Court enter an Order and Partial Judgment for the Plaintiffs in the amount of $3,828.00 and an Order requiring Defendant to pay all contributions for the months of November 2003 through the date of judgment with interest at the rate of seven percent per annum and to submit to a payroll review by the Fund for that period so that the Fund can verify the total amount of the contributions that Defendant owes.

Date:  10/13/05                              /s/
                                    Marc H. Rifkind, Esq. 416183 (DC)
                                    SLEVIN & HART, P.C.
                                    1625 Massachusetts Ave., N.W., Suite 450
                                    Washington, D.C.  20036
                                    (202) 797-8700

                                    Counsel for Plaintiffs

H:\Users\BGG\150\196 (S. Rabinowitz)\MemoDJ.wpd