UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SHOPMEN PENSION FUND, *et. al.* | ) ) ) ) |  |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) ) | Civil Action No. 1:05-cv-01478 |
| S. RABINOWITZ IRON WORKS, INC. | ) ) ) |  |
| Defendant. | ) ) ) |  |

## MOTION FOR ENTRY OF SECOND SUPPLEMENTAL JUDGMENT

On March 28, 2006, the Court entered a Supplemental Judgment in favor of Plaintiffs, the National Shopmen Pension Fund and its Trustees, and against Defendant, S. Rabinowitz Iron Works, Inc., for delinquent contributions owed for the months of November 2003 through February 2006 in the amount of $50,898.75, interest on those contributions at the rate of seven percent from date due through May 31, 2006 in the amount of $4,857.38, liquidated damages equal to the greater of interest at the seven percent rate or twenty percent of the delinquent contributions, totaling $10,179.75, and attorneys' fees and costs in the amount of $5,743.64. The Fund successfully recovered these amounts.

The Fund now seeks a Second Supplemental Judgment for interest on contributions made by Rabinowitz for the months of March through October 2006, which were delinquent when paid and calculated at the rate of 7 percent per annum totaling $2,323.82, liquidated damages equal to

20 percent of these contributions in the amount of $3,029.85, and legal fees and costs incurred by the Fund since the date of the last Judgment in the amount of $19,254.43.

In support of this Motion, Plaintiffs submit the attached Memorandum of Points and Authorities, Declaration of A. H. Higgs, Jr., Declaration of Marc Rifkind, Esq., and Declaration of Hope Pordy, Esq.

Respectfully submitted,

/s/ Marc Rifkind
Marc Rifkind, Esq. (D.C. Bar No. 416183)
SLEVIN & HART, P.C.
1650 Massachusetts Avenue,
NW, Suite 450
Washington, D.C. 20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Dated: April 16, 2007                    Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify this 16th day of April, 2007, that I caused to be served a copy of the foregoing Motion Second Supplemental Judgment; Memorandum in Support of Motion for Second Supplemental Judgement; Declaration of Hope Pordy; Second Supplemental Declaration of A.H. Higgs, Jr.; Second Supplemental Affidavit of Marc Rifkind; and proposed Order by sending a copy of same first class delivery to the following party:

>Jill Tobia Sorger, Esq.
>Kip's Castle
>22 Crestmont Road
>Montclair, NJ 07042
>
>Counsel to Defendant

>/s/ Marc Rifkind
>Marc Rifkind, Esq.

31827

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND, et. al.<br><br>Plaintiffs,<br><br>v.<br><br>S. RABINOWITZ IRON WORKS, INC.<br><br>Defendant. | Civil Action No. 1:05-cv-01478 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUPPLEMENTAL JUDGMENT**

Plaintiffs, National Shopmen Pension Fund and its Trustees (hereinafter the "Fund"), submit this Memorandum in Support of their Motion for Entry of Second Supplemental Judgment against Defendant S. Rabinowitz Iron Works, Inc. A Supplemental Judgment was entered against Defendant in this action on March 28, 2006 for delinquent contributions owed for the months of November 2003 through February 2006, interest on those contributions at the rate of seven percent from date due to date paid, liquidated damages equal to the greater of interest at the seven percent rate or twenty percent of the delinquent contributions. A copy of the Order is attached as Exhibit A.

### I. FACTS

1. The Fund is a multiemployer joint labor-management defined benefit pension fund established pursuant to Section 302(c) of the Labor Management Relations

Act (29 U.S.C. 186(c)). It is subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C.§1000 et seq. The Pension Fund maintains its offices and is administered in the District of Columbia. Its purpose is to provide retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with local unions affiliated with the Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

2. Defendant S. Rabinowitz Iron Works, Inc. is a corporation incorporated in the state of New Jersey. Rabinowitz's mailing address is P.O. Box 1129, 20 Industrial Drive, Laurence Harbor, NJ 08879. The business of the Defendant affects commerce within the meaning of Section 301 of the Labor Management Relations Act (29 U.S.C. § 185).

3. At all times material to this action, Defendant and Local Union No. 502 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers were parties to, and bound by, a Collective Bargaining Agreement covering Defendant' bargaining unit employees represented by Local 502 . The Agreement requires that Defendant contribute to the Fund on behalf of their covered employees at the rate of $1.50 per hour, effective November, 2003 through the duration of the Collective Bargaining Agreement.

4. Defendant agreed to be bound by the Agreement and Declaration of Trust under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. The Trust Agreement and the Policy for Collection of Delinquent Contributions adopted by the Trustees pursuant to their authority under the Trust Agreement provides that a delinquent employer against whom a suit is filed is liable for:

interest on delinquent contributions at the rate prescribed under 6621 of the Internal Revenue Code of 1954, currently seven percent per annum, and liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency. Article IX, Section 3 of the Trust Agreement provides that "A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendant was expressly notified of this policy when it became a party to the Fund.

5.  The Fund's Trust Agreement and Collection Policy also require that a participating employer such as Defendant submit to a payroll audit upon request by the Fund so that the Fund can verify the amount of contributions owed to it.

6.  For the months November 2003 through October 2006 Defendant employed employees covered by the Collective Bargaining Agreement between it and Local 502 but failed to submit complete remittance reports to the Fund for such employees in by their due date. Defendant owes $2,323.82 in interest on the delinquent contributions from the date the respective contributions were due through the date paid at the Fund's rate of 7% per annum. See affidavit of Fund Administrator A. H. Higgs, Jr. and Exhibit B.

7.  For the months of March through October 2006 Defendant owes liquidated damages equal to twenty percent of the delinquent contributions in the amount of $3,029.85. See affidavit of Fund Administrator A. H. Higgs, Jr. and Exhibit B.

8.     Attorneys' fees and costs incurred by this firm for the period March 16, 2006 through March 13, 2007 are $6,848.70. See Affidavit of Marc H. Rifkind, Esq.

9.     Attorneys' fees and costs incurred by the law firm of Spivak Lipton which we retained as collection counsel of the two prior judgments has incurred attorneys' fees and costs through February 27, 2007 in the amount of $12,405.73. See Declaration of Hope Pordy, Esq.

## II. THE FUND IS ENTITLED TO ENTRY OF A SECOND SUPPLEMENTAL JUDGMENT

10.    ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -

> (A)    the unpaid contributions,
>
> (B)    interest on the unpaid contributions,
>
> (C)    an amount equal to the greater of:
>
>> (i)    interest on the unpaid contributions, or
>>
>> (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),
>
> (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)    such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986.

ERISA Section 515, 29 U.S.C. § 1145, provides:

>Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

11. Defendant is liable for interest on the delinquent contributions in the amount of $2,323.82 accrued from the date of the supplemental judgment through the date paid at the Fund's rate of 7% per annum.

12. Defendant is also liable for liquidated damages equal to 20 percent of the delinquent contributions for the months of March through October 2006 in the amount of $3,029.85.

13. Defendant is further liable for attorney's fees and costs incurred by the Fund for the period March 16, 2006 through March 13, 2007 in the amount of $19,254.43. See Affidavits of Marc Rifkind, Esq. and Hope Pordy, Esq.

## CONCLUSION

Plaintiffs request that the Court enter an Order and Judgment for the Plaintiffs in the total amount of $24,608.10.

Date: <u>April 16, 2007</u>

/s/ Marc Rifkind
Marc H. Rifkind, Esq. 416183 (DC)
SLEVIN & HART, P.C.
1625 Massachusetts Ave., NW, Suite 450
Washington, D.C. 20036
(202) 797-8700

Counsel for Plaintiffs

DM: 38906