Hope Pordy, Esq.
SPIVAK, LIPTON, WATANABE, SPIVAK,
MOSS & ORFAN, LLP
1700 Broadway, 21st Floor
New York, New York 10019
(212) 765-2100
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------:
NATIONAL SHOPMEN PENSION
FUND, ET AL.,

              Plaintiffs,

-against-

S. RABINOWITZ IRON WORKS, INC.,

              Defendant.
------------------------------------------------------:

**DECLARATION OF HOPE A. PORDY, ESQ. IN SUPPORT OF AN
APPLICATION FOR ATTORNEYS FEES, COSTS AND EXPENSES**

HOPE A. PORDY, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1. I submit this Declaration in Support of Plaintiffs' application for the reimbursement of attorneys fees, costs and expenses pursuant to 29 U.S.C. Section 1132(g)(2)(D). I am fully familiar with the facts and circumstances stated herein in connection with the above-captioned matter.

2. In May 2006, the law firm of Spivak, Lipton, Watanabe, Spivak, Moss & Orfan, LLP ("Spivak Lipton" or "the Firm") was retained as local counsel for collection purposes with

respect to National Shopmen Pension Fund, et al. v. S. Rabinowitz Iron Works, Inc., D.D.C. Case No. 05-01478 (HHK) [N.J.Dist.Ct. Case No. 2:06-mc-222 (JCL) and 2:06-mc-269 (PGS)].

3. This application is made for an award of fees based on the hours reasonably and necessarily expended by the undersigned and other attorneys with Spivak Lipton in connection with this litigation. The Firm has calculated the fee using the "lodestar method" (number of hours multiplied by reasonable hourly rate).

4. Additionally, Plaintiffs seeks the reimbursement of costs and disbursements associated with this action.

5. Plaintiffs request an award of fees and costs in the sum of $9,687.91. This total dollar amount is arrived at on the following basis:

    a) Fees at an hourly rate of $200.00 for 34.25 hours of attorney time reasonably devoted to this lawsuit by this deponent, in the amount of $6,850.00;

    b) Fees at an hourly rate of $200.00 for .60 hours of attorney time reasonably devoted to this lawsuit by Adrienne Saldana, Esq., in the amount of $120;

    c) Costs and disbursements in the amount of $2,717.91.

## HOURLY RATE REQUESTED

6. The firm of Spivak Lipton is devoted to the practice of labor and employment law, ERISA, and pension and employee benefits law. Spivak Lipton represents clients ranging from individuals to international unions and multi-employer pension and welfare funds. The firm's attorneys litigate in federal and state courts and before various administrative agencies (e.g., National Labor Relations Board).

7. Spivak Lipton agreed to represent Plaintiffs in this matter on an hourly basis. A copy of the Retainer Agreement between Plaintiffs and Spivak Lipton is attached hereto as

Exhibit A. The hourly rate charged by our firm for handling this matter, $200 per hour for attorneys is consistent with the lodestar rates in the jurisdiction of the New Jersey District Court for attorneys of comparable skills and experience. See Lazarska v. County of Union, Civil Action No. 04-02602 (WGB), 2006 WL 2264455, at *6-7 (D.N.J. Aug. 8, 2006) (awarding $250 and $300 per hour for attorney with 10 years experience plus partnership); Moran v. Southern Regional High School District Board of Education, No. Civ. 05-1062, 2006 WL 932339, at *9 (D.N.J. April 11, 2006) (SRC) (awarding $250 per hour).

## THE ATTORNEYS

Hope Pordy

8.   I graduated from Fordham University School of Law in May of 1994. I was admitted to the bar of the State of New York in 1995 and the bar of the State of New Jersey in 1994. I am admitted to practice before the United States District Court for the Southern and Eastern Districts of New York, the Second Circuit Court of Appeals, and the District of New Jersey. I was associated with the law firm of Lewis, Greenwald, Clifton & Nikolaidis, P.C. ("Lewis Greenwald"), from January 1998 to December 2001 and became a partner of the firm in January 2002. Since July 2003, I have been associated with Spivak Lipton and have continued to devote my time to labor, employment and employee benefits law. Prior to my employment at Lewis Greenwald, I worked for two and one-half years as a staff attorney for the National Treasury Employees Union and for one year as a staff attorney for the Minnesota Public Interest Research Group.

9.   I have served as primary trial counsel in various ERISA cases: James Fitzsimmons and Gerald Rourke v. Avis Rent-A-Car et al., Case No.: 00 CV 6228 (E.D.N.Y.) (MLO) (TCP) (ERISA benefit claims, severance, breach of contract), Eric Willis v.

3

ChevronTexaco, Case No.: 03 CV 0298 (CLB) (S.D.N.Y.) (ERISA and severance claims), Lawrence Schelero v. Avis Rent-A-Car, 99 CV 2003 (NGS) (ETB) (E.D.N.Y.) (ERISA, severance and employment discrimination claims); and Munch v. ABC-NABET, et al., 38 F. Supp.2d 270 (S.D.N.Y. 1999) (LS) (ERISA action), and have also handled similar collection actions on behalf of employee benefit funds, see, e.g., United Scenic Artists Pension and Welfare Funds, Local 829, IATSE v. Empire Productions, Inc., Case No. 05-CV-6338 (RJH) (S.D.N.Y. 2006).

10. It is submitted that, given my experience in the field and the skill with which this action was handled, the requested rate of $200 per hour is fully warranted.

Adrienne L. Saldaña

11. Adrienne L. Saldaña graduated from Georgetown University Law Center in 1994 and has been a partner at Spivak Lipton since January 2005. She has been practicing in the areas of labor, employment, and employee benefits law for over twelve years. She is admitted to the bar for the States of New York, Virginia and the District of Columbia. She is also admitted to practice before the United States District Court for the Southern, Eastern and Northern Districts of New York; the United States District Court for the Eastern District of Michigan; and the United States Court of Appeals for the First Circuit. Ms. Saldaña has represented unions and benefit funds in collection efforts throughout her years of practice.

12. It is submitted that, given Ms. Saldaña's experience in the field and the skill with which this action was handled, the requested rate of $200 per hour is fully warranted.

Attorney Time Records

13. A summary of hours expended by the attorneys is attached hereto as Exhibit B. A total of 34.85 hours was expended and an amount of $6,970.00 was incurred for legal fees.

14. Plaintiff also seeks an award of $2,717.91 for litigation costs and expenses. A list of expenses and costs is attached hereto as Exhibit C.

15. A complete listing of work performed by the attorneys and all expenses and costs is attached hereto as Exhibit D. The daily breakdowns are the computer generated contemporaneous time and expense records for the applicable time periods. The total amount incurred for legal fees and expenses is $9,687.91.

16. Copies of invoices are attached hereto as Exhibit E.

WHEREFORE, your declarant respectfully requests that Plaintiffs' application for attorneys fees, costs and expenses be granted in the sum of $9.687.91.

Dated: New York, New York
February 27, 2007

        SPIVAK, LIPTON, WATANABE,
        SPIVAK, MOSS & ORFAN LLP

        By: _____
        Hope Pofdy
        1700 Broadway, 21st Floor
        New York, New York, 10019
        Tel: (212) 765-2100
        Fax: (212) 541-5429
        *Attorneys for Plaintiffs National Shopmen*
        *Pension and Welfare Funds*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND, *et. al.* <br><br> Plaintiffs, <br><br> v. <br><br> S. RABINOWITZ IRON WORKS, INC. <br><br> Defendant. | Civil Action No. 1:05-cv-01478 |

### SECOND SUPPLEMENTAL DECLARATION OF A. H. HIGGS, JR.

CITY OF WASHINGTON,   )
                      ) ss:
THE DISTRICT OF COLUMBIA   )

A.H. Higgs, Jr. deposes and says:

1. The information contained in this Declaration is based upon my personal knowledge and information. If called as a witness, I will testify to such facts.

2. I am the Administrator of the National Shopmen Pension Fund ("Fund").

3. Pursuant to collective bargaining agreements ("Agreements") between participating employers and National Shopmen Pension Fund, each contributing employer is obligated to submit monthly contribution reports listing employees' names, social security numbers, and hours worked for the month for which contributions are owed and to pay to the Fund monthly contributions on behalf of covered employees based on the reported hours worked at the rates specified in the applicable Agreements. The monthly contribution reports are essential to the proper crediting of

benefits to an employer's workforce because benefits to which eligible employees are entitled from the Fund are based on a formula that takes into account both the employer's contribution rate and the employee's years of service.

4. S. Rabinowitz Iron Works, Inc. is a signatory to an Agreement with NSPF Local 502 covering the periods November 1, 2003 through present. The Agreement provides that Defendant is required to contribute to the Fund, for each employee to whom the Agreement is applicable the sum of $1.50 per hours.

6. The Agreement provides that S. Rabinowitz is bound by the Agreement and Declaration of Trust under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. The Trust Agreement and the Policy for Collection of Delinquent Contributions adopted by the Trustees pursuant to their authority under the Trust Agreement provides that a delinquent employer against whom a suit is filed is liable for: interest on delinquent contributions at the rate prescribed under 6621 of the Internal Revenue Code of 1954, currently seven percent per annum, and liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency.

7. Article IX, Section 3 of the Trust Agreement provides that "A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendant was expressly notified of this policy when it became a party to the Fund.

8.  For the months November 2003 through October 2006, Defendants employed employees covered by the Collective Bargaining Agreement between it and Local 502 but failed to submit complete remittance reports or make the total required monthly contributions to the Fund for such employees by th 20th of each month as expressly statement in the Collective Bargaining Agreement.

9.  Interest, on the delinquent contributions for the period November 2003 through October 2006 calculated at seven percent per annum from the date each contribution was due through the date paid equals $2,323.82.

10. Liquidated damages equal to 20 percent of the delinquent contributions for the months of March 2006 through October 2006 equals $3,029.85.

I hereby declare under pain and penalty that the foregoing is true and correct.

Date: 03-15-2007

A.H. Higgs Jr.

@PFDesktop\:;ODMA/PCDOCS/SLEVINHARTDM/31841/1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND, *et. al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>S. RABINOWITZ IRON WORKS, INC. )<br>)<br>Defendant. ) | Civil Action No. 1:05-cv-01478 |

## AFFIDAVIT OF MARC RIFKIND, ESQ. IN SUPPORT OF MOTION FOR SECOND SUPPLEMENTAL JUDGMENT

I, Marc Rifkind, hereby affirm that:

1. I am an attorney admitted to practice in the District of Columbia.

2. I received my J.D. degree in 1987 from the University of Michigan.

3. I am presently engaged in the practice of law in the District of Columbia as a principal in the firm of Slevin & Hart, P.C. The firm is engaged primarily in the practice of employee benefits law and regularly represents joint labor-management employee benefit funds. I have practiced in the field of employee benefit law for approximately twenty years.

4. Brent Glodowski is a legal assistant employed by the firm.

5. Josh Grant is a legal assistant, formerly employed by this firm.

6. The firm of Slevin & Hart regularly performs legal services for the National Shopmen Pension Fund. The firm is frequently asked by the Trustees of the Fund to collect delinquent

contributions owed to the Fund pursuant to collective bargaining agreements between locals affiliated with the Fund and participating employers.

7. The hourly rate charged by Slevin & Hart to the Fund for my services is $240.00 per hour. The average hourly rate charged by the firm to the Fund for Mr. Glodowski and Mr. Grant is $100.00 per hour.

8. The attorneys' fees in this matter are $6,669.00, based upon 10.7 hours of counsel time spent at an hourly rate of $240.00 ($2,568.00); and 42.0 hours of paralegal time spent at an average hourly rate of $100.00 ($4,101.00). Time spent by counsel and legal assistants includes: pursuing the judgment and supplemental judgment; various correspondence with Hope Pordy of the law firm of Spivak, Lipton, Watanabe, Spivak, Moss & Orphan regarding collection of the judgments; correspondence with the Fund office regarding collection of the judgments and additional amounts owed; and researching and drafting the supplemental judgment pleadings.

9. Costs in this matter are in the amount of $179.70 and consist of the following: $10.13 in postage fees; $18.45 in copy fees; $18.00 in judgment certification charges; $6.50 in long distance phone charges; $1.92 in internet research charges; and $124.70 in UPS expenses.

10. In light of the facts set forth herein, the undersigned submits that Plaintiff's claim for fees in this case is reasonable.

I hereby affirm that the foregoing is true and correct to the best of my knowledge.

Dated: April 16, 2007

Marc H. Rifkind, Esq.  Bar No. 416183 (DC)
SLEVIN & HART, P.C.
1625 Massachusetts Ave., N.W., Suite 450
Washington, D.C. 20036
(202) 797-8700

31935